IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AT&T MOBILITY LLC<br>1025 Lenox Park Blvd NE, Rm A325<br>Atlanta, GA 30319<br><br>AT&T MOBILITY II LLC<br>5565 Glenridge Connector, Suite 1700<br>Atlanta, GA 30342<br><br>NEW CINGULAR WIRELESS SERVICES, INC.<br>7537 166th Ave NE<br>Redmond, WA 98052<br><br>SBC INTERNET SERVICES, INC.<br>2623 Camino Ramon<br>San Ramon, CA 94583<br><br>WAYPORT, INC.<br>4509 Freidrich Ln, Ste 300<br>Austin, TX 78744<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>STERNE, KESSLER, GOLDSTEIN, AND FOX P.L.L.C.<br>1100 New York Avenue, NW<br>Washington, D.C. 20005<br><br>　　　　　　　　Defendant. | Civil Action No. _____<br><br>**MISCELLANEOUS ACTION**<br>(in aid of *Intellectual Ventures I LLC v. AT&T Mobility, et al.,* D. Del. Civil Action No. 12-193-LPS, *Intellectual Ventures II LLC v. AT&T Mobility, et al.,* D. Del. Civil Action No. 13-1631-LPS) |

### AT&T'S MOTION TO COMPEL COMPLIANCE WITH AT&T'S SUBPOENA

AT&T Mobility LLC, AT&T Mobility II LLC, New Cingular Wireless Services, Inc., SBC Internet Services, Inc., and WayPort, Inc. (collectively, "AT&T"), by and through their counsel of record, file this AT&T's Motion to Compel Compliance With AT&T's Subpoena pursuant to Rules 45, 34, and 26 of the Federal Rules of Civil Procedure. This Motion is based

upon the following Statement of Points and Authorities, the pleadings and the papers filed in this action, and upon such other oral argument and documentary evidence as may be presented at any hearing of AT&T's Motion to Compel Compliance With AT&T's Subpoena.

## STATEMENT OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

As a part of its factual investigation into the validity of U.S. Patent No. 5,339,352 ("the '352 Patent") asserted by Intellectual Ventures II, LLC in *Intellectual Ventures II, LLC v. AT&T Mobility LLC,* Civ. No. 13-1631 ("the IV lawsuit"), currently pending in the District of Delaware, AT&T seeks information regarding a prior art system of a now-defunct company, Metro One Telecommunications, Inc. ("Metro One"). Metro One information is relevant to explain why the '352 Patent asserted by IV is invalid. AT&T has sought to obtain Metro One information from various sources, but because the relevant time frame is over 20 years ago (the '352 Patent was filed on October 1, 1992, issued on August 16, 1994, and expired on October 1, 2012), much of the information no longer exists. Indeed, Metro One no longer exists.

Through its investigation, AT&T became aware that documents related to Metro One were produced in the *Grape Technology Group, Inc. v. Jingle Networks, Inc.*, Case No. 1:08-cv-00408 (D. Del.) ("*Jingle Networks*") lawsuit, which ended in 2012. Unable to obtain Metro One documentation from other sources, AT&T subpoenaed several law firms who were counsel in the *Jingle Networks* litigation, including Sterne, Kessler, Goldstein, and Fox P.L.L.C. ("Sterne Kessler"). Ex. 1. Stern Kessler has confirmed that it possesses relevant documents, but has not produced any documents to date and claims that it may be prevented from producing some responsive documents by a protective order entered in the *Jingle Networks* case. *See* Exs. 3-4. AT&T requests this Court to grant AT&T's Motion to Compel Compliance With AT&T's Subpoena and order Sterne Kessler to produce Metro One documents in its possession, custody, and control.

## II. BACKGROUND

In its search for prior art to the '352 Patent, AT&T discovered that the Metro One directory assistance system is relevant prior art. Schuneman Decl., ¶ 2. During its investigation, AT&T spoke with Patrick Cox, co-founder and former Vice President of Technology for Metro One. Schuneman Decl., ¶ 3. Mr. Cox informed counsel for AT&T that he no longer possessed documentation on the operation of Metro One's directory assistance system and that Metro One no longer existed as a functioning company. Schuneman Decl., ¶ 3; Cox Decl., ¶ 3. Mr. Cox stated, however, that he was consulted about Metro One and the operation of its prior art directory assistance system as part of the *Jingle Networks* case. Schuneman Decl., ¶ 3; Cox Decl., ¶ 5.

After further investigation, including discussions with several additional former Metro One employees, AT&T was unable to locate the Metro One information involved in that lawsuit. Schuneman Decl., ¶¶ 4-7. Thus, AT&T issued Rule 45 subpoenas seeking Metro One information from the attorneys involved in the *Jingle Networks* case. Schuneman Decl., ¶¶ 8-9 and Ex. 1.

During a call to discuss AT&T's subpoena, Sterne Kessler explained that it had identified information relating to Metro One responsive to AT&T's requests. Schuneman Decl., ¶ 10. In particular, Sterne Kessler explained that it possesses the following categories of documents responsive to AT&T's subpoena: (1) non-confidential Metro One documents; (2) confidential Metro One documents; and (3) transcripts of depositions, hearings, and trial in the *Jingle Networks* case related to invalidity issues. Schuneman Decl., ¶ 10 and Ex. 2. Sterne Kessler stated that it was willing to produce non-confidential Metro One documents and responsive transcripts. Schuneman Decl., ¶ 10. However, Sterne Kessler has not produced a single non-confidential Metro One document or transcript to date and has offered no explanation for its lack

of compliance with AT&T's subpoena. Schuneman Decl., ¶ 13. With respect to confidential Metro One documents, Sterne Kessler stated that it is unable to produce the confidential Metro One documents in its possession without a court order, because the documents remain protected by a stipulated protective order issued in the *Jingle Networks* case. Schuneman Decl., ¶ 10. The *Jingle Networks* Stipulated Protective Order states "the Receiving Party shall not produce any Protected Material without either an order of a court of competent jurisdiction or the express written consent of the Producing Party." Ex. 3 at 15. Given that Metro One no longer exists and cannot provide consent to produce these relevant documents, AT&T seeks an order from this Court compelling compliance with its subpoena and production of documents responsive to AT&T's requests.

### III.   ARGUMENT

The Court can and should order production of the Metro One information and relevant transcripts in Sterne Kessler's possession. The information sought by AT&T is highly relevant to its defenses in this case, and AT&T has been unable to find this information by other means. *See* Fed. R. Civ. P. 26(b)(1) (allowing for broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense"); *see also Pearson v. Miller*, 211 F.3d 57, 73 (3d Cir. 2000) ("The flexibility of Rule 26 also allows the court to take into account the particular needs of the parties at the present stage of litigation.").

Sterne Kessler has offered no reason for its unwillingness to produce non-confidential Metro One documents and relevant transcripts from the *Jingle Networks* case. Schuneman Decl., ¶ 13. It has simply refused to comply with AT&T's subpoena. Because Sterne Kessler has no justification to withhold these non-confidential documents, production should be compelled.

With respect to confidential Metro One documents, the *Jingle Networks* protective order should not prevent disclosure of the highly relevant information sought by AT&T. The *Jingle*

*Networks* protective order explicitly contemplates that protected material may be produced in other proceedings, subject to a court order requiring such production. *See* Ex. 3 at 15. Such an order is justified here because AT&T's need for the highly-relevant Metro One prior art outweighs any privacy interests in keeping the information confidential. *C.f. Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 784, 786-91 (3d. Cir. 1994) (decision whether to modify protective order requires balancing need for privacy against requester's interest in the information sought) and *Miller v. City of Boston*, 549 F. Supp. 2d 140 (D. Mass. 2008) (allowing court to modify protective order in a closed case where the public interests outweighs the privacy interests in protecting information from production, the original bases for protecting the information no longer exists, and another party may have an important interest in the information). Indeed, any privacy concerns here are minimal. Metro One no longer exists as a functioning entity. Cox Decl., ¶ 3. Moreover, AT&T does not ask the Court to open the confidential Metro One documents for public inspection. It merely seeks production of those documents for the limited purpose of supporting AT&T's invalidity defense in the IV lawsuit, subject to the protections for confidential information under Delaware Local Rule 26.2[1] and the protective order issued in that case.[2] The confidential Metro One documents will thus enjoy the same confidentiality protection in the IV lawsuit as they did in the *Jingle Networks* case.

In light of these facts, no good cause exists to deny AT&T access to the requested documents and transcripts, and the Court should order production of the responsive documents in

---

[1] Delaware Local Rule 26.2 provides that in the absence of a protective order, disclosure of any documents deemed confidential by the producing party shall be limited to outside trial counsel only. *See Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware* at pp. 13-14, *available at* http://www.ded.uscourts.gov/sites/default/files/local_rules/LocalRulesCivil_4-30-10.pdf.

[2] *See Intellectual Ventures II, LLC v. AT&T Mobility LLC,* Civ. No. 13-1631, D.I. 251-0 (Jun. 6, 2014) (signed and entered by Judge Leonard Stark on Jun. 16, 2014). This protective order would protect confidential information under a designation of "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY INFORMATION."

Sterne Kessler's possession, custody, or control subject to the protections of Delaware Local Rule 26.2 and any protective order later entered in the IV lawsuit.

## IV. CONCLUSION

For each and all of the foregoing reasons, AT&T respectfully requests that the Court grant AT&T's Motion to Compel Compliance with AT&T's Subpoena.

Respectfully submitted,

*Of Counsel*:

Bryant C. Boren, Jr.
Kevin E. Cadwell
Jon V. Swenson
BAKER BOTTS LLP
1001 Page Mill Road,
Building One, Suite 200
Palo Alto, CA  94304
(650) 739-7500
bryant.c.boren@bakerbotts.com
kevin.cadwell@bakerbotts.com
jon.swenson@bakerbotts.com

Roger Fulghum
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
(713) 229-1234
roger.fulghum@bakerbotts.com

Jeffrey Baxter
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, TX  75201
(214) 953-6500
jeff.baxter@bakerbotts.com

Robert Maier
Eric Faragi
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY  10112

BAKER BOTTS LLP

*/s/ Jamie R. Lynn*
Jamie R. Lynn (Bar No. 987740)
BAKER BOTTS LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400
(202) 639-7700
jamie.lynn@bakerbotts.com

*Counsel for AT&T Mobility LLC,
AT&T Mobility II LLC, New Cingular Wireless Service, Inc., SBC Internet Services, Inc., and Wayport, Inc.*

(212) 408-2500
robert.maier@BakerBotts.com
eric.faragi@bakerbotts.com

Nicholas Schuneman
BAKER BOTTS LLP
98 San Jacinto Boulevard, Suite 1500
Austin, TX  78701-4078
(512) 322-2500
nick.schuneman@bakerbotts.com

Dated:  August 5, 2014

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that pursuant to Civ. L.R. 7(m) and Fed. R. Civ. P. 37(a)(1), counsel for AT&T conferred with Mark Fox Evens of Sterne, Kessler, Goldstein, and Fox P.L.L.C., former counsel for Metro One Telecommunications, Inc., regarding the foregoing non-dispositive motion. Defendants OPPOSE the motion. The parties agreed that AT&T would file AT&T's Motion to Compel Compliance With AT&T's Subpoena.

/s/ *Nicholas Schuneman*

Nicholas Schuneman
Baker Botts LLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of August, 2014, I caused the foregoing AT&T's Motion to Compel Compliance with AT&T's Subpoena to be served on the following by electronic mail and first-class mail:

STERNE, KESSLER, GOLDSTEIN,
    AND FOX P.L.L.C.
1100 New York Avenue, NW
Washington, D.C. 20005


Joseph J. Farnan, III
Brian E. Farnan
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com
*Counsel for Intellectual Ventures I LLC,*
    *and Intellectual Ventures II LLC*

Jeffrey B. Plies
DECHERT LLP
300 W. 6th Street
Suite 2010
Austin, TX 78701
jeffrey.plies@dechert.com

Stephen Akerley
Justin F. Boyce
DECHERT LLP
2440 W. El Camino Real
Suite 700
Mountain View, CA 94040-1499
stephen.akerley@dechert.com
justin.boyce@dechert.com

Martin J. Black
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
martin.black@dechert.com
*Counsel for Intellectual Ventures I LLC,*
*and Intellectual Ventures II LLC*

    */s/ Jamie R. Lynn*
    Jamie R. Lynn